[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

No. 11-14066
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cv-81609-KAM


CHRIS TURNER,
Individually and as Personal Representative
of the Estate of Tracy Turner,

Plaintiff-Appellee,

versus

RAMO, LLC,
a Florida Limited Liability Company,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Shortly after Tracy Turner died in a chartered-plane crash, the plane's owner, Websta Aviation, transferred the remaining five aircraft in its fleet to Defendant Ramo LLC ("the Ramo Company"), ostensibly to satisfy an outstanding loan. Plaintiff Chris Turner, as the personal representative of Tracy Turner's estate, brought this action under the Florida Uniform Fraudulent Transfer Act. Following a bench trial, the district court concluded, inter alia, that the five aircraft transferred to the Ramo Company were not encumbered by a valid lien and set aside the transfer as a fraudulent conveyance. After losing in the bench trial, the Defendant Ramo Company appeals the district court's final judgment entered in favor of Plaintiff Turner.

On appeal, the Ramo Company argues only that the district court erred in denying its pretrial motion for summary judgment. It is well-settled that we "will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits." Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1286 (11th Cir. 2001); see also Ortiz v. Jordan, ___ U.S. ___, 131 S. Ct. 884, 889 (2011) (resolving circuit split by concluding that a party may not "appeal an order

2

denying summary judgment after a full trial on the merits").[1]  Accordingly, we do not review the district court's  February 7, 2011 order denying summary judgment.

The Ramo Company's appellate brief does not raise any error with respect to the bench trial or any reviewable order, including the Ramo Company's Rule 52(b) motion for judgment on partial findings or the district court's August 4, 2011 post-trial order making findings of fact and conclusions of law.  Thus, the Ramo Company has abandoned any issue with respect to these rulings.  See Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1293 (11th Cir. 2009) (explaining that a legal claim or argument not raised in the appeal brief is deemed abandoned).[2]

**AFFIRMED.**

---

[1]We need not address the Ramo Company's argument that a pretrial denial of summary judgment that raises purely legal questions is appealable.  The issue the district court resolved at summary judgment—whether there was sufficient evidence from which a factfinder could reasonably infer that the aircraft transferred to the Ramo Company were not encumbered by a bona fide loan—did not present a pure question of law.

[2]Appellant's motion to take judicial notice is denied.  Appellee's motion for sanctions is denied.