[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 19, 2011
JOHN LEY
CLERK

No. 11-10419
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cv-00098-CDL

STATE AUTO PROPERTY AND
CASUALTY COMPANY,

                                                    Plaintiff - Appellant,

versus

SHERRY MATTY,
individually and as surviving spouse
of Matthew Scott Matty, deceased,
JEFFREY MICHAEL DAVIS,
FRANK GRIFFIN,
KAREN GRIFFIN,
RACHEL GRIFFIN,
RONALD E. MATTY,
Executor of the estate of Matthew
Scott Matty, deceased,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 19, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

State Auto Property and Casualty Company appeals the judgment in favor of Sherry and Ronald Matty, Jeffrey Michael Davis, and Frank, Karen, and Rachel Griffin. State Auto filed a complaint that requested a judgment declaring that an incident in which its insured, Rachel Griffin, struck bicyclists Matthew Matty and Jeffrey Davis, constituted one "accident" under Rachel's automobile liability insurance policy for which State Auto had to pay a single limit of liability of $100,000. At trial, the jury found that Rachel had two "accidents" for which State Auto had to pay $200,000. State Auto challenges the denial of its motion for summary judgment and its motion for a new trial and for judgment as a matter of law. State Auto also argues, for the first time on appeal, about an alleged violation of Federal Rule of Evidence 411. We affirm.

State Auto cannot appeal the denial of its pretrial motion for a summary judgment after a trial and judgment on the merits. Ortiz v. Jordan, 131 S. Ct. 884, 888–89 (2011); accord Lind v. United Parcel Svc., 254 F.3d 1281, 1286 (11th Cir. 2001). At trial, a party must challenge the evidence by moving for judgment as a matter of law. Fed. R. Civ. P. 50(b). Because State Auto complied with that procedure, we review the denial of that motion.

2

State Auto argues that it was entitled to judgment as a matter of law because there was no evidence from which a reasonable jury could find that Rachel had two accidents, but we disagree. The defendants submitted testimony from an investigator to establish that "after the cause of the initial collision, [Rachel] regained control of the vehicle before [the] subsequent collision, so that it [could] be said there was a second intervening cause and therefore a second accident," State Auto Prop. and Cas. Co. v. Matty, 286 Ga. 611, 614, 690 S.E.2d 614, 617 (2010). The investigator testified that two wheels of Rachel's vehicle moved onto the shoulder of the road before it struck Matty, but Rachel made a "steering input" or a "correction" that redirected the vehicle from a path "off the roadway and down an embankment" back onto the road. Although Rachel had told the investigator that she "blacked out" before the collisions, the investigator opined that either "the feel of the road or the sound of the impact" or "the feel of the impact . . . caused [Rachel] to wake back up" and she had been "conscious and brought her vehicle back onto the road." The district court did not err when it denied the motion of State Auto for a judgment as a matter of law.

The district court also did not abuse its discretion when it denied the motion of State Auto for a new trial. The evidence, when reviewed in a light most favorable to the defendants, Myers v. TooJay's Mgmt. Corp., 640 F.3d 1278, 1287

(11th Cir. 2011), supports the jury's verdict. Rachel testified that she saw and heard a person on her windshield, which is consistent with the opinion of the investigator that Rachel either was conscious or regained consciousness after her vehicle struck Matty and that Rachel redirected her vehicle to the road. This evidence supports the finding of the jury that Rachel "regained control" of her vehicle before it struck Davis.

State Auto waived its argument about an alleged violation of Federal Rule of Evidence 411. State Auto argues that the defendants during opening statements referenced the specific limits of Rachel's insurance policy and the district court admitted into evidence an unredacted copy of that policy, but State Auto failed to object to the remarks in the opening statement and later agreed to admission of the insurance policy. Even if State Auto had preserved its argument, it would fail. Although "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully," Fed. R. Evid. 411, the only issue at trial was whether Rachel had regained control of her vehicle before it struck Davis, not whether Rachel had acted negligently.

We **AFFIRM** the judgment of the district court.