**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADELAIDO SAMUEL TRUJILLO, | No. 09-35192 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-00533-MHW |
| v. | |
| TALLY, Sergeant; PAYTON, Sergeant; COBB, Corrections Officer; ACREE, Corrections Officer; EARL CALLAHAN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding

Submitted August 9, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Adelaido Trujillo appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action.  We have jurisdiction over this matter

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291.  The facts of this case are known to the parties.  We need not repeat them here.

Trujillo may not seek review of the district court's denial of his motion for summary judgment on the inadequate medical care claim.  The Supreme Court recently clarified that a party may not appeal an order denying summary judgment after a full trial on the merits.  *Ortiz v. Jordan*, __ U.S. __, 131 S. Ct. 884, 888–89 (2011); *see also Price v. Kramer*, 200 F.3d 1237, 1243 (9th Cir. 2000).

The district court was correct to grant summary judgment to the IDOC defendants on Trujillo's calculated harassment and failure to protect claims.  Trujillo's failure to protect claim is based on nothing but his own speculation, and "this court has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (internal quotation marks omitted).  Appellant's calculated harassment allegations simply do not rise to the level of an Eighth Amendment violation.  *See Hope v. Pelzer*, 536 U.S. 730, 737–38 (2002).

We have reviewed Trujillo's remaining contentions, and determine that they lack merit.

AFFIRMED.