12-3238-cv
Anello v. Anderson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 1st day of May, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

MATTEO ANELLO,

                    *Plaintiff-Appellee*,

             -v-                                          12-3238-cv

ROBERT ANDERSON, JR., SAMUEL FRUSCIONE, CHRIS ROBINS, individually and as members of the Niagara Falls City Council,

                    *Defendants-Appellants*.[*]

_____

Appearing for Appellee:          Gregg S. Maxwell, Vinal & Vinal, (Jeanne M. Vinal, *on the brief*) Buffalo, NY.

Appearing for Appellants:        Joseph S. Brown, Hodgson Russ LLP, (Daniel C. Olivero, *on the brief*) Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

_____

[*] The Clerk of the Court is directed to amend the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the instant appeal is **DISMISSED** for lack of jurisdiction.

Appellants Robert Anderson, Jr., Samuel Fruscione, and Chris Robins, members of the Niagara Falls City Council, appeal from the district court's July 11, 2012 judgment denying summary judgment on their claim of qualified immunity with respect to Appellee Matteo Anello's First Amendment claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal." *Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2010). There exists a "limited exception to the categorization of summary judgment denials as nonappealable orders," *id.*, for a "denial of a claim of qualified immunity, to the extent that it turns on an issue of law," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). This Court may "exercise interlocutory jurisdiction if the defendant contests the existence of a dispute or the materiality thereof" or "contends that he is entitled to qualified immunity even under plaintiff's version of the facts." *Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir. 1998).

Clearly established law holds that in a limited public forum the "government is free to impose a blanket exclusion on certain types of speech, but once it allows expressive activities of a certain genre, it may not selectively deny access for other activities of that genre." *Travis v. Owego-Apalachin Sch. Dist.*, 927 F.2d 688, 692 (2d Cir. 1991). For "expressive uses not falling within the limited category for which the forum has been opened, restrictions need only be viewpoint neutral and reasonable." *Hotel Emps. & Rest. Emps. Union Local 100 v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 546 (2d Cir. 2002). Even in a limited public forum, however, the "government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995).

In the instant case, it is a question of fact whether Anello was silenced in the limited public forum of the City Council meeting based upon his "opinion or perspective" or for other, permissible reasons. *Id.* Viewing the facts in the light most favorable to Anello, he was prevented from speaking at the City Council meeting because of the Council's disapproval of his perspective. As the Defendants-Appellants are not "entitled to qualified immunity . . . under plaintiff's version of the facts," this Court cannot exercise interlocutory jurisdiction over the appeal. *Tierney*, 133 F.3d at 194.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2