**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0508n.06

Nos. 12-1603/1706

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*May 21, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CAMILLE GLYNN; CARLOS MARTELL, | ) | |
| | ) | |
| Plaintiffs-Appellants, Cross-Appellees, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| IDS PROPERTY CASUALTY INSURANCE | ) | COURT FOR THE EASTERN |
| COMPANY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee, Cross-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERIPRISE FINANCIAL, | ) | |
| INCORPORATED, et al., | ) | |
| | ) | |
| Defendant. | | |

**BEFORE: SILER, CLAY, and GIBBONS, Circuit Judges.**

**PER CURIAM**. Camille Glynn and Carlos Martell, Michigan citizens, appeal and defendant IDS Property Casualty Insurance Co. ("IDS") cross-appeals from the final judgment in an insurance contract dispute.

On June 14, 2010, a suspicious fire destroyed plaintiffs' home. They had an insurance policy with IDS, and made a claim for their loss, but IDS denied the claim. Plaintiffs brought this action to compel payment of the claim and moved for summary judgment. The district court denied the motion, finding that there were disputed issues of fact that should be resolved at trial. The case

proceeded to a jury trial. The jury returned a verdict in favor of IDS. Plaintiffs did not move for a new trial or judgment notwithstanding the verdict, but they did file an appeal. IDS filed a cross-appeal.

Plaintiffs argue that the district court erred in denying their motion for summary judgment. IDS, upon realizing that plaintiffs were not appealing the jury verdict, stated that it was withdrawing its cross-appeal.

We lack jurisdiction to review the denial of a motion for summary judgment following a jury verdict adverse to the movant after a full trial on the merits. *Ortiz v. Jordan*, 131 S. Ct. 884, 889 (2011); *Jarrett v. Epperly*, 896 F.2d 1013, 1016 (6th Cir. 1990). Accordingly, both appeals are hereby dismissed.