**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNITY CO.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>OBTEEN N. NASSIRI, D.C.,<br><br>Defendant - Appellant. | No. 13-17030<br><br>D.C. No. 2:08-cv-00369-JCM-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 9, 2015
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Obteen Nassiri appeals the jury's award of compensatory damages on

Allstate's claims of fraud and racketeering under federal and state law. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

First, there was no error in admitting the testimony of Allstate's damages witness, Aaron Patterson. Patterson was qualified to testify on the subject of how Allstate calculated settlement values in claims affected by fraud, based upon the knowledge and experience he gained working such cases at Allstate. The district court did not abuse its discretion in admitting such testimony without first holding a *Daubert* hearing. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004).

Second, Allstate's calculation of damages was not impermissibly speculative. The testimony of Patterson and Dr. Craig Little explained in detail how Allstate reviewed the relevant files to identify improper medical charges and the method through which it calculated how such inflated charges affected the final settlement amounts that Allstate paid. Such evidence provided a sufficient foundation upon which the jury could reasonably determine the extent to which Nassiri's practices damaged Allstate. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1028 (9th Cir. 2008) ("We . . . afford substantial deference to a jury's finding of the appropriate amount of damages. Unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork, we uphold the jury's award." (internal quotation marks and citation omitted)); *see also Pac. Shores Props., LLC v. City of Newport Beach*,

730 F.3d 1142, 1170–71 (9th Cir. 2013) ("Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty . . . it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." (internal quotation marks omitted)).

Finally, Nassiri may not challenge the denial of his motion for summary judgment on the issue of the statute of limitations now that such issue has been resolved by the jury at trial. *See Ortiz v. Jordan*, 562 U.S. 180, 183–84, 191–92 (2011).

**AFFIRMED.**