In the

# United States Court of Appeals

### For the Seventh Circuit

No. 17-1918

ANTHONY MIMMS,

*Plaintiff-Appellee*,

*v.*

CVS PHARMACY, INC.,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 15-cv-970 — **Tanya Walton Pratt**, *Judge*.

ARGUED DECEMBER 8, 2017 — DECIDED MAY 9, 2018

Before KANNE and ROVNER, *Circuit Judges*, and DURKIN, *District Judge*.[*]

KANNE, *Circuit Judge*. Dr. Anthony Mimms is a physician licensed by the Indiana Medical Licensing Board. He started his own pain management practice, Mimms Functional Reha-

[*] The Honorable Thomas M. Durkin, United States District Court for the Northern District of Illinois, sitting by designation.

bilitation, in November 2013. He previously worked at Rehabilitation Associates of Indiana. As part of his practice, he prescribes opioids and other controlled substances to many of his patients.

On several occasions, starting in 2013, CVS Pharmacy employees informed some of Mimms's patients that they would not fill their prescriptions. Mimms sued CVS, alleging the pharmacy employees made defamatory statements when refusing to fill the prescriptions. His complaint details nine allegedly defamatory statements.

To prove his claims, Mimms needed to show that the speakers knew that their statements were false. CVS repeatedly moved for summary judgment on the basis that Mimms had no evidence that the speakers knew their statements were false. Ultimately, the district court granted summary judgment as to five of the statements and denied judgment for the remaining four statements. It concluded there was a material question of fact regarding whether the speakers of those four statements knew that their statements were false in light of evidence that CVS's corporate office had concluded an investigation of Mimms and had not stopped stores from filling his patients' prescriptions. In so concluding, the court rejected CVS's argument that knowledge held by the corporate office could not be imputed to the individual speakers.

The case proceeded to trial before a jury. The four statements at trial were:

- "CVS doesn't fill Dr. Mimms'[s] prescriptions or prescriptions for any other pill mills."
- "Dr. Mimms went to jail."
- "Dr. Mimms has been … or will be arrested."

- "Dr. Mimms is under DEA investigation."

(R. 211 at 10.)

CVS moved for judgment as a matter of law as to the first three statements at the close of Mimms's presentation of evidence, again arguing that knowledge held by the corporate office could not be imputed to the speakers. The district court denied the motion, and the jury found CVS liable for defamation per se on all four statements and awarded Mimms $1,025,000 in damages. CVS appeals. For the reasons that follow, the judgment of the district court is reversed and the case is remanded in part.

## ANALYSIS

CVS contends the district court should have granted judgment in its favor as to all four of the challenged statements. Alternatively, CVS argues the district court made several errors that merit a new trial. We review the district court's denial of summary judgment and of judgment as a matter of law *de novo*, *Winters v. Fru-Con Inc.*, 498 F.3d 734, 743, 745 (7th Cir. 2007), and generally review its evidentiary and jury instruction rulings for abuse of discretion, *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 833, 835 (7th Cir. 2016).

> A.  *CVS is entitled to judgment as a matter of law as to the first three statements.*

CVS moved for summary judgment on all four statements and for judgment as a matter of law as to the first three statements, preserving its legal argument regarding those statements for appeal. In both motions, CVS argued Mimms had provided no evidence that the speakers acted with actual mal-

ice, the standard required under Indiana law to prove defamation in cases involving statements that ascribe misconduct in one's profession. *Kelley v. Tanoos*, 865 N.E 2d 593, 596 (Ind. 2007). "Actual malice exists when the defendant publishes a defamatory statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Journal-Gazette Co., Inc. v. Bandido's Inc.*, 712 N.E.2d 446, 456 (Ind. 1999) (quoting *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964)). "To demonstrate reckless disregard, '[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication,' or proof that the false publication was made with a 'high degree of awareness of their probable falsity.'" *Id.* (alteration in original) (citations omitted) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968) and *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964), respectively).

Under this standard, knowledge of falsity held by a principal cannot be imputed to its agent. It is the state of mind of the speaker that is relevant. *New York Times*, 376 U.S. at 287. In *New York Times v. Sullivan*, the plaintiff alleged the publication of an advertisement was defamatory. The Supreme Court noted there was "evidence that the Times published the advertisement without checking its accuracy against the news stories in the Times' own files." *Id.* Yet the Court concluded that the "mere presence" of stories in the Times's files could not establish that the advertisement was published with actual malice, "since the state of mind required for actual malice would have to be brought home to the persons in the Times' organization having responsibility for the publication of the advertisement." *Id.* Any knowledge the Times had as an organization regarding the veracity of the statement was not im-

puted to the individuals who published the statement. Similarly, in *Journal-Gazette Co. v. Bambino's Inc.*, the Indiana Supreme Court focused on evidence reflecting the state of mind of the author of the challenged headline, not the knowledge of the newspaper organization as a whole. 712 N.E. 2d at 462.

Here, Mimms needed to demonstrate that the CVS employees in fact knew that their statements were false or had serious doubts as to the veracity of their statements. As a matter of law, he could not do so by imputing corporate knowledge to the speakers, and he provided no other evidence at trial that would allow a reasonable jury to find that the speakers knew their statements were false.

At oral argument, Mimms argued that emails sent from corporate officers to store supervisors served as a "bridge" between the corporate office and the pharmacy employees. This communication, he contends, is evidence that the speakers actually knew the results of the corporate investigation. In the email, an employee states that he will ask a store supervisor to reiterate to his employees that they were expected to comply with company policy against making certain derogatory statements when refusing to fill prescriptions. (R. 73-11 at 1.) But the record does not indicate that the email was sent to any of the speakers, and any reminder to follow the corporate policy would not have informed the speakers about the truth or falsity of their statements about Mimms. The policy instructed employees not to make the statements even if the employee knew the statement was true. Mimms proffered no other evidence that would allow a reasonable juror to find the first three statements were made with actual malice. Therefore, CVS is entitled to judgment as a matter of law as to these three statements.

*B.  CVS is not entitled to judgment as to the fourth statement.*

CVS did not move for judgment as a matter of law as to the fourth statement—"Dr. Mimms is under DEA investigation." And generally a party cannot appeal the denial of summary judgment after a full trial. *Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011); *Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 761 (7th Cir. 2015). "Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-judgment motion." *Ortiz*, 562 U.S. at 184. Where, however, the issue appealed "involve[s] pure questions of law unrelated to the sufficiency of the trial evidence, … it's not necessary for summary-judgment losers to relitigate purely legal issues … in a motion under Rule 50(a) or (b)." *Lawson*, 791 F.3d at 761.

That exception does not apply here. As to the fourth statement, the district court in part denied summary judgment on the basis that there was a genuine issue of material fact regarding whether Alexis Fields, the speaker, had serious doubts as to the veracity of her statement, based on statements she made in her deposition testimony. We are not in a position on appeal to consider whether the district court erred in denying summary judgment on this basis. We are, however, in a position to address whether purported trial errors warrant a new trial on this statement.

*C.  CVS is entitled to a new trial on the fourth statement.*

CVS claims the district court committed several errors at trial, including evidentiary errors and jury instruction errors. Such errors entitle a party to a new trial, unless the errors are harmless. *See generally* Fed. R. Civ. P. 52(a).

*1. Evidentiary Rulings*

We review the district court's decision to admit or exclude evidence for abuse of discretion. *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013). The district court abuses its discretion when it limits evidence in such a way that "the litigant is effectively prevented from presenting his or her case." *Id.*

First, CVS challenges the district court's decision to suppress evidence that Mimms failed to properly answer an interrogatory. This evidence would have impeached Mimms's credibility, an important issue in the case. The district court, however, accepted Mimms's explanation that he had been confused by the question. Accepting this explanation was within the district court's discretion.

However, the district court should have allowed CVS to present evidence that Field's statement was true—that Mimms was in fact the subject of a DEA investigation. Under Indiana law, truth is a complete defense to defamation. *Martino v. Western & Southern Financial Group*, 715 F.3d 195, 206 (7th Cir. 2013); *see also* Ind. Const. Art. 11, § 10 ("In all prosecutions for libel, the truth of the matters alleged to be libelous, may be given in justification.").

CVS sought to introduce evidence that the clinic Mimms formerly worked for, Rehabilitation Associates of Indiana, had been subpoenaed for records of Mimms's former patients, including patients that had died or been charged or convicted of drug crimes. Mimms objected to the introduction of the evidence, arguing that he had left the practice before the subpoenas were served and thus the subpoenas could not be part of any investigation of Mimms. The district court

agreed and suppressed the evidence. While this may not be conclusive evidence that the DEA was investigating Mimms specifically, the fact that the DEA was seeking records for Mimms's patients shortly after he left the practice supports CVS's claim that Mimms was under investigation. *See Heeb v. Smith*, 613 N.E.2d 416, 420 (Ind. Ct. App. 1993) (noting that "literal truth is not required" to defend a defamation claim and that "it is sufficient if the statement is substantially true").

CVS also sought to introduce a transcript from a criminal trial in which a Health and Human Services agent testified that he had investigated Mimms with a DEA agent. This too supports CVS's claim that Fields's statement was true. The district court refused to admit the transcript as evidence, finding it too prejudicial because of other statements made by the criminal defendant in the testimony. This prejudicial portion of the transcript could have been redacted. The testimony of the agent would have been critical evidence in support of CVS's allegation that the DEA was or had been investigating Mimms. The district court also noted it was excluding this testimony as hearsay, despite Mimms's stipulation that the transcript was authentic and his agreement not to assert a hearsay objection at trial. The district court unnecessarily relieved Mimms's of this stipulation. *See Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir. 1989) ("[A] stipulation is binding unless relief from the stipulation is necessary to prevent a 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law.") (quoting *Smith v. Blackburn*, 785 F.2d 545, 549 (5th Cir. 1986)). CVS relied on the agreement when it decided not to secure the live testimony of the agent.

By excluding the evidence of the subpoenas served on Rehabilitation Associates of Indiana and the transcript of the agent's prior testimony, the district court effectively prevented CVS from presenting its defense. The district court should have allowed CVS to present this evidence to the jury.

The district court also should have allowed CVS to present evidence regarding Mimms's reputation. Because this is a defamation per se case, damage to Mimms's reputation is presumed. *Kelley*, 865 N.E.2d at 597. However, evidence regarding the extent of the harm to his professional reputation as a result of the statements was critical for minimizing damages. *See Bularz v. Prudential Ins. Co. of America*, 93 F.3d 372, 379 (7th Cir. 1996).

CVS offered evidence tending to show that Mimms already had a poor professional reputation. It sought to introduce evidence of a complaint filed by the Indiana Attorney General for prescribing an opiate to an alcoholic patient, three sexual harassment complaints, and the fact that Mimms was barred from practicing at a hospital and investigated by his employer for a relationship he had with a nurse. CVS also sought to introduce evidence of a 2016 criminal investigation into Mimms's prescribing practices to show that any damage to his reputation because of the statements was curbed in 2016. *See* Ind. Code § 34-15-1-2 (authorizing the introduction of evidence of mitigating circumstances to minimize damages in a defamation suit). In response, Mimms argued this evidence had nothing to do with his reputation as a prescriber and therefore that it was more prejudicial than it was probative.

Obviously, any evidence tending to show that a defamation plaintiff's reputation was already tarnished is going to be

prejudicial to the plaintiff. Here, the evidence offered was limited to Mimms's professional reputation, and the court could have instructed to jury to consider the evidence for the purposes of determining damages only if it were concerned that the jury would determine the case on an improper basis. *See Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012). Preventing CVS from presenting this evidence was an abuse of discretion.

Finally, the district court should not have allowed Mimms to introduce evidence regarding "the knowledge or mental state of anyone other than the speakers of alleged defamatory statements for the purpose of attempting to impute actual malice to that speaker… ." (R. 175 at 11.) In light of our conclusion that knowledge held by the CVS corporate office cannot be imputed to the individual speakers, evidence of the corporate office's knowledge is irrelevant. Mimms's counsel conceded at oral argument that such evidence would be irrelevant in the absence of some other evidence that the speakers had been informed of the investigation. As we already discussed, there is no such evidence in the record. Therefore, the district court abused its discretion when it allowed Mimms to present this evidence.

On these grounds, CVS is entitled to a new trial on the Field's statement.

### 2. Jury Instructions

We review whether a jury instruction is a fair and accurate statement of the law *de novo* and the district court's decision on whether to issue an accurate instruction for abuse of discretion. *United States v. Carter*, 695 F.3d 690, 694 (7th Cir. 2012). The district court instructed the jury that, to find CVS liable, Mimms needed to prove that "the alleged speaker knew the

communication was false or had serious doubts as to the truth of the communication." (R. 292 at 24.) The court then instructed the jury that, "In deciding whether a CVS representative alleged to have made a statement knew the communication was false or had serious doubts as to the truth of the communication, you may consider that representative's attitude or ill will towards Dr. Mimms." (R. 292 at 30.)

These instructions fairly and accurately summarize the law. Evidence of ill will alone is insufficient to prove a statement is defamatory, *Brewington v. State*, 7 N.E. 946, 959 (Ind. 2014), but such could be used as circumstantial evidence by the jury to determine the speaker's state of mind. *See Indiana Newspapers, Inc. v. Fields*, 259 N.E.2d 651, 664 (Ind. 1970). When the two instructions are read together, we are not convinced that the jurors could have believed that they could conclude actual malice existed merely by considering the attitude of the speaker. Therefore, the district court did not abuse its discretion when instructing the jury.

Because we have already determined that CVS is entitled to a new trial, we decline to address CVS's objection to the district court's refusal to issue a supplemental jury instruction regarding attorney's fees. The request was made in response to a statement made at trial and a note from the jury and thus was entirely context specific. Should the issue arise again, CVS is free to raise its objection in the district court.

## CONCLUSION

The district court made a legal error when it denied CVS's motions for summary judgment and judgment as a matter of law as to three of the statements. Knowledge held by a corpo-

rate office cannot be imputed to the corporation's local employees. Mimms offered no other evidence tending to show that the speakers who made these challenged statements knew that their statements were false or had serious doubts as to the veracity of their statements. CVS is entitled to judgment on these statements.

CVS did not, however, move for judgment as a matter of law on the statement made by Fields, and the district court's denial of summary judgment on this statement was not based on a pure legal question. So we leave untouched the district court's denial of summary judgment as to the fourth statement. We find, however, that the district court abused its discretion when making several evidentiary rulings and that these errors prevented CVS from presenting its case. Therefore, the jury's verdict is vacated and CVS is entitled to a new trial on the fourth statement.

The judgment of the district court is REVERSED and this case is REMANDED IN PART FOR A NEW TRIAL on the statement made by Alexis Fields.