Chi Hung Ngo v Chi Vy Ngo (2020 NY Slip Op 03736)





Chi Hung Ngo v Chi Vy Ngo


2020 NY Slip Op 03736


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


154173/16 11750A 11750

[*1] Chi Hung Ngo, Plaintiff-Respondent,
v
Chi Vy Ngo, also known as Chivy Ngo, et al., Defendants-Appellants, 69 Clinton NPG, LLC, Defendant.


Joseph C. Cacciato, New York, for appellants.
Max D. Leifer, P.C., New York (Max D. Leifer of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 2, 2019, after trial, awarding plaintiff the aggregate amount of $2,568,311.46, pursuant to an order, same court and Justice, entered November 30, 2018, which awarded plaintiff damages on his claim and dismissed defendants' counterclaim with prejudice, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court granted plaintiff's pre-discovery motion for summary judgment on defendants' liability for the fraudulent sale of real property, and awarded plaintiff 49% of the sale proceeds, investment proceeds, and operations proceeds from the operation of the premises for three years before May 18, 2016. This Court affirmed (166 AD3d 430 [1st Dept 2018]).
In October 2018, the parties consented to a trial on plaintiff's damages claim and defendants' counterclaim, despite there being a pending summary judgment motion filed by defendants. Defendants cannot now, after having had a trial on the counterclaim, which resulted in its dismissal, seek summary judgment in their favor on that counterclaim (see Ortiz v Jordan, 562 US 180, 184 [2011]).
Defendants' contentions that the court improperly shifted the burden of proof with respect to damages on plaintiff's claim, and that it issued an award that was against the weight of the evidence on that claim, as well as on the counterclaim, are unavailing. The record establishes that the court did not err or abuse its discretion in evaluating the evidence or the credibility of the witnesses with respect to the claim and counterclaim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK