**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1306
_____

DCK TTEC, LLC, a Delaware limited liability company

v.

POSTEL INDUSTRIES, INC., a Texas corporation,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania (Civil No. 11-cv-01198)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2014

Before:      FUENTES, FISHER, and KRAUSE, *Circuit Judges.*

(Filed:  February 25, 2015)

_____

OPINION*
_____

KRAUSE, *Circuit Judge*:

DCK TTEC LLC ("DCK"), the general contractor on a large construction project

for the Navy, sued Postel Industries, Inc. ("Postel") for breach of contract and promissory

_____
*     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

estoppel after the collapse of negotiations over their subcontract agreement. After a three-day trial, the jury entered a verdict and judgment in DCK's favor. Postel now appeals the District Court's pretrial denial of summary judgment and also argues that we should remand for a new trial permitting an excluded witness to testify.[1] For the reasons discussed below, we will affirm.

The Navy hired DCK as the general contractor for the construction of two maintenance hangars at the Marine Corps Air Station in Yuma, Arizona ("the Navy project"). Postel submitted a bid on November 1, 2010 to DCK to supply and erect fabricated steel for the Navy project, and on May 19, 2011, Postel and DCK met and signed a letter of intent. The parties disagree as to whether Postel received the complete scope of work and the schedule of work at that May 19 meeting. On July 18, 2011, DCK sent Postel a final version of a proposed subcontract, but negotiations broke down and Postel never signed the contract. Nearing its deadline with the Navy, DCK hired other subcontractors at an additional cost of $2,378,563 from Postel's initial bid.

On October 27, 2011, DCK filed an action in federal court under diversity jurisdiction for breach of contract and promissory estoppel. At the completion of a three-day trial, the jury found that DCK and Postel had not reached an agreement on all of the material terms of a contract, but entered a judgment in favor of DCK on its promissory estoppel claim and awarded DCK $2,378,563.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

On appeal, Postel first argues that the District Court should have granted Postel's motion for summary judgment on DCK's promissory estoppel claim. However, in *Ortiz v. Jordan*, the Supreme Court held that a party cannot appeal an order denying summary judgment after a full trial on the merits.[2] The Court definitively foreclosed the availability of an appeal where summary judgment is denied because of factual disputes, but left open the question of whether an issue of a "purely legal" nature is preserved for appeal after an unsuccessful motion for summary judgment.[3] Here, Postel's motion for summary judgment was fact-bound, hinging in large part on whether the parties agreed at their May 19, 2011 meeting on the scope of the work and the schedule for the work. Thus, Postel cannot challenge the denial of its pre-trial motion for summary judgment.[4]

Second, Postel asserts that the District Court erred in excluding a witness, James Prado, from testifying at trial.[5] Under Rule 26, a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information," and must supplement or correct this disclosure if it learns that the

---

[2] 131 S. Ct. 884, 888-89 (2011).

[3] *Id.* at 892 (internal quotation marks omitted); *see also In re AmTrust Fin. Corp.*, 694 F.3d 741, 750 (6th Cir. 2012); *Touhey v. Chi. Park Dist.*, 148 F.3d 735, 739 n.5 (7th Cir. 1998).

[4] Because we hold that Postel cannot appeal the District Court's denial of summary judgment after a full trial, we do not reach the issue of whether Postel waived this argument, nor do we reach the merits of Appellant's argument that the District Court erred in denying summary judgment.

[5] We review the District Court's order excluding witness testimony for abuse of discretion. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).

information it has provided is incomplete or incorrect.[6] When a party fails to disclose or supplement as required by Rule 26, the court has discretion to prevent it from using that information or witness at trial.[7] We evaluate whether a District Court properly exercised its discretion in excluding testimony using a four-factor test:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.[8]

Postel correctly observes that Rule 37(c)(1) is not without exception and that trial courts have the discretion to admit the impeachment testimony of rebuttal witnesses who have not previously been identified.[9] But in the cases cited by Postel, we held that it was not an abuse of discretion for the district court to permit testimony by a non-listed witness.[10] We apply the same deference appropriate to a decision "peculiarly within the discretion of the trial judge" to the District Court's decision here to exclude witness

---

[6] Fed. R. Civ. P. 26(a), (e)(1).

[7] Fed. R. Civ. P. 37(c)(1).

[8] *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)).

[9] *See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 155-56 (3d Cir. 1995); *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227, 1236-37 (3d Cir. 1994); *Beissel v. Pittsburgh & Lake Erie R.R. Co.*, 801 F.2d 143, 150-51 (3d Cir. 1986), *cert. denied*, 479 U.S. 1088 (1987).

[10] *Newman*, 60 F.3d at 156; *Greate Bay*, 34 F.3d at 1236-37; *Beissel*, 801 F.2d at 150-51.

testimony as we did to the courts' decisions to permit testimony in the cases cited by Postel.[11]

Further, Postel does not contest the uncontroverted fact that it failed to follow FRCP Rule 26's disclosure requirements, and the District Court's conclusion that Postel did so in bad faith to surprise DCK is supported by the record. At trial, DCK indicated that it had requested Prado's contact information during discovery, following up several times via phone, mail, and email. Postel concedes that DCK did not receive this information during discovery, and DCK did not have the opportunity to depose Prado. Indeed, Postel's attorneys stated that they were in contact with Prado the weekend before trial, but Postel did not provide DCK with Prado's contact information until after the trial started. Thus, the record clearly reflects that the District Court acted within its discretion to disallow Prado's testimony.

For the foregoing reasons, we will affirm.

---

[11] *Beissel*, 801 F.2d at 150.