Peter GAVIN, K. Maura Mueller, Patrick Tracy, on behalf of himself, and all other employees similarly situated, Plaintiffs–Appellants,

v.

NVR, INC., Defendant–Appellee.*

No. 14–609–cv.

United States Court of Appeals, Second Circuit.

May 27, 2015.

J. Nelson Thomas (Michael J. Lingle, on the brief), Thomas & Solomon LLP, Rochester, NY, for Appellants.

Barry J. Miller (James M. Hlawek, on the brief), Seyfarth Shaw LLP, Boston, MA, for Appellee.

PRESENT: RALPH K. WINTER, RAYMOND J. LOHIER, JR., and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Patrick Tracy[1] appeals the District Court's denial of his motions for summary judgment, class certification, and judgment as a matter of law or for a new trial, all related to his claims for overtime pay under the Fair Labor Standards Act of 1938 (FLSA) and the New York Labor Law. He also challenges the District Court's jury instructions. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to dismiss in part and affirm in part.

Under the circumstances of this case, where Tracy subsequently lost after a full trial on the merits, we do not have jurisdiction to review Tracy's challenge to the District Court's February 23, 2009 decision and order resolving his summary judgment motion. In denying the motion, the

---

* The Clerk of the Court is respectfully directed to amend the caption of this case as set forth above.

1. Although Peter Gavin and K. Maura Mueller are technically parties to this appeal, they have not advanced any independent arguments in the briefs they submitted jointly with Tracy to the Court. We assume that Tracy's arguments incorporate those of Gavin and Mueller. *See Time Warner Cable Inc. v. FCC*, 729 F.3d 137, 142 n. 1 (2d Cir.2013).

88

District Court assumed Tracy's legal argument was correct and nevertheless relied on the existence of several genuine disputes of material fact. Accordingly, we dismiss Tracy's appeal of the District Court's denial of summary judgment. *See Ortiz v. Jordan,* 562 U.S. 180, 190–91, 131 S.Ct. 884, 178 L.Ed.2d 703 (2011); *Schaefer v. State Ins. Fund,* 207 F.3d 139, 142–43 (2d Cir.2000).

Tracy also challenges the District Court's jury instructions on the issue of the outside salesperson exemption. Among other things, he argues that the District Court erred in reading portions of a Department of Labor opinion letter to the jury and instructing the jury that it should consider NVR's expectations concerning Tracy's role as a sales and marketing representative. Having reviewed the instructions in full, we conclude that the District Court's instructions did not "mislead[ ] the jury as to the correct legal standard" or fail to "adequately inform the jury on the law." *Turley v. ISG Lackawanna, Inc.,* 774 F.3d 140, 153 (2d Cir. 2014) (quotation marks omitted).

Finally, Tracy challenges the District Court's decertification of his conditionally certified FLSA collective action and its denials of his motions for class certification and judgment as a matter of law or for a new trial. As to those challenges, we affirm for substantially the reasons provided by the District Court in its April 29, 2013 and February 12, 2014 decisions and orders.

We have considered Tracy's remaining arguments and conclude that they are without merit. For the foregoing reasons, we DISMISS Tracy's appeal as it relates to the District Court's denial of his sum-

mary judgment motion and otherwise AFFIRM the judgment of the District Court.