14-609-cv
Gavin v. NVR, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fifteen.

PRESENT: RALPH K. WINTER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

PETER GAVIN, K. MAURA MUELLER,
PATRICK TRACY, on behalf of himself
and all other employees similarly situated,

*Plaintiffs-Appellants*,

v.                                                    No. 14-609-cv

NVR, INC.,

*Defendant-Appellee*.*

------------------------------------------------------------------

FOR APPELLANTS:    J. NELSON THOMAS (Michael J. Lingle, *on the brief*),
Thomas & Solomon LLP, Rochester, NY.

---

* The Clerk of the Court is respectfully directed to amend the caption of this case as set forth above.

FOR APPELLEE: BARRY J. MILLER (James M. Hlawek, *on the brief*), Seyfarth Shaw LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED insofar as it challenges the District Court's denial of summary judgment and the judgment of the District Court is otherwise AFFIRMED.

Patrick Tracy[1] appeals the District Court's denial of his motions for summary judgment, class certification, and judgment as a matter of law or for a new trial, all related to his claims for overtime pay under the Fair Labor Standards Act of 1938 (FLSA) and the New York Labor Law. He also challenges the District Court's jury instructions. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to dismiss in part and affirm in part.

Under the circumstances of this case, where Tracy subsequently lost after a full trial on the merits, we do not have jurisdiction to review Tracy's challenge to the District Court's February 23, 2009 decision and order resolving his summary judgment motion. In denying the motion, the District Court assumed Tracy's legal argument was correct and nevertheless relied on the existence of several genuine disputes of material fact. Accordingly, we dismiss Tracy's appeal of the District Court's denial of summary judgment. See Ortiz v. Jordan, 562 U.S. 180, 190-91 (2011); Schaefer v. State Ins. Fund, 207 F.3d 139, 142-43 (2d Cir. 2000).

---

[1] Although Peter Gavin and K. Maura Mueller are technically parties to this appeal, they have not advanced any independent arguments in the briefs they submitted jointly with Tracy to the Court. We assume that Tracy's arguments incorporate those of Gavin and Mueller. See Time Warner Cable Inc. v. FCC, 729 F.3d 137, 142 n.1 (2d Cir. 2013).

Tracy also challenges the District Court's jury instructions on the issue of the outside salesperson exemption. Among other things, he argues that the District Court erred in reading portions of a Department of Labor opinion letter to the jury and instructing the jury that it should consider NVR's expectations concerning Tracy's role as a sales and marketing representative. Having reviewed the instructions in full, we conclude that the District Court's instructions did not "mislead[] the jury as to the correct legal standard" or fail to "adequately inform the jury on the law." Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 153 (2d Cir. 2014) (quotation marks omitted).

Finally, Tracy challenges the District Court's decertification of his conditionally certified FLSA collective action and its denials of his motions for class certification and judgment as a matter of law or for a new trial. As to those challenges, we affirm for substantially the reasons provided by the District Court in its April 29, 2013 and February 12, 2014 decisions and orders.

We have considered Tracy's remaining arguments and conclude that they are without merit. For the foregoing reasons, we DISMISS Tracy's appeal as it relates to the District Court's denial of his summary judgment motion and otherwise AFFIRM the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3