NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0236n.06

No. 16-2133

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 25, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DEJUAN OLIVER, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ERIC BUCKBERRY, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: DAUGHTREY, MOORE, and KETHLEDGE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. After plaintiff DeJuan Oliver was removed forcibly from his vehicle during a traffic stop that culminated in his arrest, Oliver filed this 42 U.S.C. § 1983 suit against defendant Officer Eric Buckberry, alleging a claim of excessive force. Buckberry moved for summary judgment in his favor, arguing that he was entitled to qualified immunity from suit. The district court disagreed, concluding that genuine disputes of fact remained to be resolved by a jury. Buckberry now appeals that determination, contending that his version of the arrest is supported by a video recording of the encounter; that based on the facts presented in the video, Oliver's claim fails as a matter of law; and that he is entitled to qualified immunity. Because the district court made no legal determinations, and because the video evidence does not blatantly contradict the district court's conclusion that the record indicates the existence of genuine disputes of material fact, we are without jurisdiction to

resolve that dispute at this juncture of the proceedings. We therefore dismiss Buckberry's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 2:00 a.m. on September 16, 2013, Buckberry, a Farmington Hills police officer, initiated a traffic stop after witnessing Oliver driving slowly and weaving between lanes. Buckberry's service vehicle was equipped with a video- and audio-recording system that memorialized the stop and subsequent interaction between Buckberry and Oliver. After stopping Oliver's vehicle, Buckberry approached Oliver's driver-side door and asked Oliver if he had been drinking. Buckberry then opened the car door and ordered Oliver to get out of the vehicle. Oliver did not follow Buckberry's order, instead asking why he was being pulled over and requesting to speak with Buckberry's supervisor. Buckberry asked Oliver to get out of the car several more times, but Oliver refused to exit the vehicle. Buckberry told Oliver that he was under arrest and that if he did not get out of the vehicle, he would be pepper-sprayed. Two seconds later—before Oliver had time to respond or comply—Buckberry pepper sprayed Oliver, grabbed him by the shirt, yanked him from the car, and threw him onto the pavement.

Once Oliver was on the ground, Buckberry held Oliver's legs still and forcefully put his knee into the left side of Oliver's neck and head, causing the right side of Oliver's head to slam into the pavement. While he did this, Buckberry yelled, "Quit resisting!" Buckberry then began to handcuff Oliver. He told Oliver to give him his hand, and Oliver raised his right arm behind his back. Buckberry then directed Oliver to give him his other hand, and Oliver shifted his body weight so that he could move his left arm behind his back to be handcuffed. Buckberry had removed his leg from Oliver's neck, presumably so that Oliver could reach his hands behind his

back, but after Buckberry had control of both hands, he put his leg forcefully back onto Oliver's neck and head and said, "Are you done, asshole?"

With his hands behind his back, Oliver began to say repeatedly, "Officer, I do not resist." While saying that he did not resist, Oliver appears to bring his left hand back by his side and onto the pavement. Buckberry yelled at him to put his hand behind his back, and Oliver complied immediately, saying, "My hands are back there officer, I do not resist." Buckberry finished handcuffing Oliver and began to search him for weapons. Buckberry's leg was still pressed into Oliver's neck and head, and Oliver told Buckberry that he could not feel his face. Oliver also told Buckberry repeatedly that he could not breathe, and Buckberry replied, "If you can run your mouth, you can breathe." Buckberry continued to search for weapons and, after telling Oliver to "quit kicking around," hit Oliver in the side of the body. Based on the video, it does not appear that Oliver made any attempts to get up, but Buckberry told him twice to "stay down." Finally, Buckberry jerked Oliver to his feet and walked him to the police car.

Oliver subsequently filed suit against Buckberry, claiming, under 42 U.S.C. § 1983, that Buckberry had violated his Fourth Amendment right to be free from excessive force during an arrest. Oliver and Buckberry filed cross motions for summary judgment, which the district court denied, explaining that a dispute of material fact barred resolution of Oliver's excessive-force claim and Buckberry's claim for qualified immunity. Buckberry filed a motion for reconsideration, which also was denied. Buckberry now appeals the district court's denial of his motion for summary judgment based upon qualified immunity.

## DISCUSSION

### Jurisdiction

We have jurisdiction to review appeals from "all final decisions of the district courts." 28 U.S.C. § 1291. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Therefore, we may decide an appeal if it challenges "the district court's *legal* determination that the defendant's actions violated a constitutional right or that the right was clearly established." *DiLuzio v. Village of Yorkville*, 796 F.3d 604, 609 (6th Cir. 2015) (emphasis in original).

In contrast, we may not decide fact-based, or "evidence sufficiency," appeals directly challenging the plaintiff's allegations and the district court's acceptance of those allegations. *Id.* (quoting *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011)). "That is, the District Court's determination that the summary judgment record in [a] case raised a genuine issue of fact . . . [is] not a 'final decision' within the meaning of the relevant statute." *Johnson v. Jones*, 515 U.S. 304, 313 (1995). However, "we may decide, as a *legal* question, an appeal challenging the district court's factual determination insofar as the challenge contests that determination as 'blatantly contradicted by the record, so that no reasonable juror could believe it.'" *DiLuzio*, 796 F.3d at 609 (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)). In such "exceptional circumstances," we may overrule a district court's determination that a factual dispute exists. *Austin v. Redford Twp. Police Dep't*, 690 F.3d 490, 496 (6th Cir. 2012). Buckberry appears to believe that this case presents such circumstances.

**Qualified Immunity on Oliver's Excessive-Force Claim**

It is unconstitutional under the Fourth Amendment for an officer to subject a person to excessive force during the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394 (1989). In his complaint, Oliver alleged that it was excessive for Buckberry to drive his knee into Oliver's neck and head, to continue to apply significant pressure to his neck and head for over a minute, and to gratuitously punch him after he was handcuffed.

To determine if force was excessive, courts apply an "objective reasonableness test" and consider the totality of the circumstances confronting the officer. *Brown v. Lewis*, 779 F.3d 401, 418 (6th Cir. 2015). This inquiry is guided by three factors: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013). We assess these factors "from the perspective of a reasonable officer on the scene making a split-second judgment under tense, uncertain, and rapidly evolving circumstances without the advantage of 20/20 hindsight." *Brown*, 779 F.3d at 418 (quoting *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013)).

Government officials performing discretionary functions generally are shielded from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harris v. City of Circleville*, 583 F.3d 356, 364-65 (6th Cir. 2009). However, an official is not entitled to qualified immunity if, viewing the facts in the light most favorable to the plaintiff, the record shows that (1) the officer violated a constitutional right and (2) the right was clearly established at the time of the violation. *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016). Courts have

discretion to determine which inquiry to make first. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

The district court reviewed the parties' motions for summary judgment, and denied both motions, explaining:

> In this case plaintiff Oliver claims he was gratuitously punched by defendant Buckberry after Oliver was handcuffed and no longer resisting arrest. Buckberry asserts that he struck Oliver with an open hand to the triceps in order to continue frisking him for weapons. There exist genuine issues of material fact regarding a determination of the reasonableness of the officer's actions, precluding summary judgment to either party. The dispute of material fact bars not only resolution of Plaintiff's excessive force claim but also Defendant's claim for qualified immunity.

"[T]he reasonableness of officer conduct in an excessive-force claim is a question of law that a court may decide," but only if "all material facts are undisputed." *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 364 (6th Cir. 2013). If the video evidence is inconclusive, and if the parties dispute whether Oliver continued to resist arrest after he was removed from the vehicle and whether he posed a threat to Buckberry's safety, it would be premature for the district court to make a legal determination as to the excessiveness of the force. Buckberry's entitlement to qualified immunity hinges on the resolution of those factual disputes, which are material to both prongs of the analysis. *See Brown*, 779 F.3d at 419 ("This circuit has further concluded that, since at least 2009, the use of violence against a subdued and non-resisting individual has been clearly established as excessive, regardless of whether the individual had been placed in handcuffs.").

Buckberry, however, contends that the video evidence shows that Oliver did continue to resist arrest, based on the fact that Buckberry yelled at Oliver to "quit resisting," the fact that Oliver "pulled his left hand away" from Buckberry, and the fact that Oliver was twisting his body around and attempting to "curl into a ball." According to Buckberry, because the video

evidence shows that Oliver continued to resist, it blatantly contradicts the district court's determination that this fact remains disputed.

Despite Buckberry's best efforts to convince us otherwise, the video evidence does not blatantly contradict the district court's determination, and a reasonable juror could easily conclude that Oliver did stop resisting arrest once removed from the vehicle. On the recording, Oliver tells Buckberry *repeatedly* that he is *not* resisting. He continues to lie almost completely still, with his face down on the ground. He cooperates while being handcuffed. Although at one point his left hand does come out of Buckberry's grasp, Oliver puts that hand back behind his back immediately. The video shows very little "twisting" or moving around by Oliver, and any movements that he does make appear to be in attempt to alleviate the pressure being applied by Buckberry to his neck and head.

Thus, the video evidence does not blatantly and demonstrably contradict the district court's finding that there are disputes of fact material to the determination of whether Buckberry's conduct was "objectively reasonable." Viewing the facts in a light most favorable to him, rather than to Oliver, Buckberry insists that he is entitled to qualified immunity. But, because his arguments hinge on factual findings that have not yet been made—and that the district court has identified as being in dispute—we cannot review them at this time.

## CONCLUSION

For the reasons set out above, we DISMISS this appeal for lack of jurisdiction.