**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 17-6127

JEFFREY LYNN UNDERWOOD,

   Plaintiff – Appellant,

    v.

C. BEAVERS, K-9 Officer; W. BARBETTOL, K-9 Sgt., Keen Mountain Correctional Center; INTERESTED PARTY; DIPERNA, Officer; Keen Mountain Correctional Center,

   Defendants – Appellees,

    and

L. ARMS, Correctional Lieutenant, Keen Mountain Correctional Center; L. J. FLEMING, Warden, Keen Mountain Correctional Center; T. A. LOWE, Hearing Officer, Keen Mountain Correctional Center; S. PHILLIPS, Doctor, Keen Mountain Correctional Center; M.D. SANTOS CHAUCEY, Orthopedics of Southwest Virginia; M.D. K. MEHMOOD, Clinch Valley Medical Center,

   Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Pamela Meade Sargent, Magistrate Judge. (7:15-cv-00513-PMS)

Submitted: August 21, 2017         Decided: September 11, 2017

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Jeffrey Lynn Underwood, Appellant Pro Se. Jessica Leigh Berdichevsky, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Lynn Underwood appeals the lower court's orders denying his motions for appointment of counsel and entering judgment in favor of Defendants Claude Beavers, George Diperna, and W. Barbettol (collectively, "Trial Defendants") following a jury verdict in their favor. Underwood filed suit against Trial Defendants and others pursuant to 42 U.S.C. § 1983 (2012), alleging, as relevant here, excessive use of force, failure to intervene, and state law assault and battery.[1]

Giving liberal interpretation to Underwood's informal brief and supplemental briefs, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Underwood contends that: (1) the magistrate judge[2] erred in denying his motions to appoint counsel because he was unable to effectively present his case to the jury; (2) the jury verdict is against the weight of the evidence; and (3) the magistrate judge erred in refusing to permit him to submit certain evidence to the jury, such as an unidentified video of the incident, photographs of his infected arm, and hospital records.

As to Underwood's argument that the magistrate judge erred in denying his motions to appoint counsel, civil litigants have no constitutional right to counsel, and a court's refusal to appoint counsel is reviewed only for abuse of discretion. *Whisenant v.*

---

[1] The remaining claims and Defendants were dismissed prior to trial. On appeal, Underwood does not challenge the dismissal of his other claims, and he has therefore forfeited appellate review of those issues. *See* 4th Cir. R. 34(b) (limiting review to issues raised in informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (noting importance of Rule 34(b)).

[2] The case was tried before a magistrate judge with the parties' consent.

3

*Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). A court should appoint counsel if "a pro se litigant has a colorable claim but lacks the capacity to present it." *Id.* The record establishes that Underwood was capable of adequately presenting his claims, so the denial of his motions to appoint counsel was not an abuse of discretion.

Next, although Underwood arguably challenges the jury verdict, he did not file a postverdict motion pursuant to Fed. R. Civ. P. 50 or 59(a) within 28 days of the judgment. Having failed to file such a motion, Underwood's challenge to the jury verdict is foreclosed. *See Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) ("Absent [a postverdict] motion, we have repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence after trial."); *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 153–60 (4th Cir. 2012) (explaining that postverdict motion challenging jury's verdict as to sufficiency of evidence is necessary to preserve issue for appeal).

Finally, Underwood argues that the district court erred in refusing to allow him to present certain evidence at trial. "This Court reviews evidentiary rulings for an abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cone*, 714 F.3d 197, 219 (4th Cir. 2013) (internal quotation marks omitted).

First, Underwood argues that the magistrate judge erred in refusing to allow him to present a video of the incident to the jury. The magistrate judge ordered Trial Defendants to turn over surveillance tapes of the incident, but Trial Defendants reported that no tapes existed because the prison's security cameras were not operational when the incident

4

occurred; the trial testimony mirrored that answer. Thus, any claim that the magistrate judge erred by refusing to admit the surveillance tapes is meritless, as there simply were no tapes to admit.

Second, to the extent that Underwood argues that the magistrate judge refused to allow as evidence the photographs of the injuries to his arm, the magistrate judge did admit those pictures as evidence, and any argument of error is therefore without merit.

Lastly, Underwood contends that the magistrate judge erred in disallowing medical records that, according to Underwood, show that his arm became infected two days after he was bitten, and that this infection caused heart issues. Trial Defendants objected to the admission of those records on relevance and hearsay grounds, and the magistrate judge sustained the objection on both grounds. A review of Underwood's proposed exhibits confirms that, although the medical documents do show that Underwood's wound became infected, they do not link Underwood's heart issues and surgery with the canine attack and, therefore, the records were not relevant to the case. Thus, the ruling was proper.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5