**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2820
_____

JOSEPH J. WATLEY

v.

MICHAEL FELSMAN; DANIEL NILON; JAMES SOHNS

Michael Felsman; Daniel Nilon,
Appellants

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-16-cv-2059)

District Judge: Honorable A. Richard Caputo
_____

Argued on May 27, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges*

(Filed: December 30, 2020)

Daniel C. Beck [Argued]
Emily Jane Rodriguez
Pennsylvania State Police
Office of Chief Counsel
1800 Elmerton Avenue
Harrisburg, PA 17110

*Counsel for Appellants*

Cynthia L. Pollick [Argued]
P.O. Box 757
Clarks Summit, PA 18411


Counsel for Appellee


_____

OPINION[*]
_____


RESTREPO, *Circuit Judge*


Corporals Michael Felsman and Daniel Nilon appeal from the judgments entered

against them in this civil rights action brought by Joseph J. Watley stemming from a

traffic stop. Nilon appeals the judgment in favor of Watley following trial related to his

search of Watley's vehicle.[1] Felsman appeals the summary judgment entered against him

and in favor of Watley on Watley's unreasonable seizure claim and the judgment entered

against him after trial and in Watley's favor on a related excessive force claim. Both

---

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] To the extent Nilon intends an appeal of the order denying his summary judgment motion as to the qualified immunity defense to the illegal search claim, we dismiss because he did not appeal the order within 30 days and the claim proceeded through trial. *See Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) (holding that a party may not appeal an order denying summary judgment after a trial on the claim and must proceed by way of Rule 50 motions to preserve the issue); *Weimer v. County of Fayette, Pa.*, 972 F.3d 177, 184 (3d Cir. 2020) ("An interlocutory order appealable under the collateral order doctrine must be appealed within thirty days of its entry.").

challenge the denial of qualified immunity related to those claims. For the reasons which follow, we affirm in part and reverse in part.

## I.

On May 11, 2016, Mr. Watley was pulled over by Corporal Felsman who issued three traffic citations. After issuing the citations, Felsman arrested Watley and placed him in hand and leg restraints before transporting him to appear before a state magisterial district judge to address the citations.

Corporal Nilon and Trooper James Sohns conducted a search of Watley's vehicle before it was towed. Nilon searched the driver's side of the vehicle, including the passenger compartment, underneath and behind the seats, in the door cubbies, in the center console, the trunk, and around the spare tire. Trooper Sohns searched the passenger side of the vehicle, including the passenger compartment and under the seats. He also looked in the trunk of the vehicle. Sohns testified that only a camera phone and accompanying phone case were found.

After his initial appearance, the judge ordered Watley to be imprisoned overnight. The following morning, May 12, 2016, Watley was transported from the jail to court in hand and leg restraints, which remained on him when he appeared in front of the judge. After the judge realized the citations were issued in another jurisdiction, the hearing was rescheduled, and Watley was ordered released on his own recognizance.

At the judge's request, Corporal Felsman drove Watley to his vehicle at the impound lot. Felsman informed Watley that the hand and leg restraints would need to

remain on during the ride to the lot. Upon arrival at the lot, Felsman removed the restraints and told Watley that he was free to go.

Watley filed a Complaint and three Amended Complaints in the District Court pursuant to 42 U.S.C. § 1983, alleging, among other things, various violations of his constitutional rights. As to the events of May 11, 2016, the District Court granted summary judgment against Watley and in favor of Felsman on Watley's claims of unreasonable search and seizure and excessive force against Felsman, and against Watley and in favor of Corporal Nilon on Watley's claims of unreasonable search and seizure of his person against Nilon. As to the events of May 12, 2016, the District Court granted summary judgment in favor of Watley on his claim of unreasonable seizure against Felsman and ordered damages to be determined at trial.

The claims against Nilon and Sohns regarding the search and seizure of Watley's vehicle on May 11, 2016 and the unreasonable seizure (as to damages) and the excessive force claims against Corporal Felsman for Watley's transport from the magisterial district judge's office to the impound lot on May 12, 2016 proceeded to trial. After trial, the jury awarded Watley nominal damages against Corporal Felsman on each separate claim of illegal seizure and excessive force, as well as against Corporal Nilon on the claim of unreasonable search. The jury found that Trooper Sohns did not violate Watley's Fourth Amendment right to be free from unreasonable search and seizure.

4

**II.**[2]

On appeal, Nilon argues that "[t]he jury's finding of a Fourth Amendment violation by [him] directly conflicts with the judgment in favor of Trooper James Sohns." Appellants' Br. 30. We affirm the District Court's decision not to disturb the jury's verdict on the claim against Nilon for his search of Watley's vehicle following Watley's arrest on May 11, 2016. "Credibility determinations are the unique province of a fact finder, be it a jury, or a judge sitting without a jury." *Dardovitch v. Haltzman*, 190 F.3d 125, 140 (3d Cir.1999).

Unless an exception applies, warrantless searches and seizures are presumptively unreasonable and therefore in violation of the Fourth Amendment. *United States v. Mundy*, 621 F.3d 283, 287 (3d Cir. 2010). A police inventory search of an impounded vehicle is a "well-defined exception to the warrant requirement of the Fourth Amendment." *United States v. Bradley*, 959 F.3d 551, 557 (3d Cir. 2020) (quoting *Colorado v. Bertine*, 479 U.S. 367, 371 (1987)). "Lawful inventory searches must be conducted according to standardized criteria or established routine consistent with the purpose of a non-investigative search," to ensure the search is limited in scope. *Mundy*, 621 F.3d at 287–88 (internal quotation marks omitted). This prevents an inventory search for valuables from becoming an unlawful ruse to discover incriminating evidence. *Id.* at 288.

---

[2] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. This Court exercises plenary review over a district court's grant of summary judgment. *Thomas v. Tice*, 948 F.3d 133, 137 (3d Cir. 2020).

At trial, Nilon testified that there was a regulation allowing for an inventory search, but no written policy was ever submitted into evidence. Though a written policy need not be admitted into evidence in order for an inventory search to fall under the exception to the warrant requirement, *see Bradley*, 959 F.3d at 558 n.5, it was the jury's province to assess the credibility of testimony pertaining to the search in reaching its conclusion as to whether Sohns or Nilon conducted an inventory search and whether that search was unlawful. *See Pitts v. Delaware*, 646 F.3d 151, 156 (3d Cir. 2011) (explaining that a jury is permitted to find testimony not credible in concluding a supposed inventory search was unlawful).

The jury determined that Corporal Nilon's conduct in searching Watley's vehicle exceeded the scope of a legitimate inventory search and thus violated Watley's Fourth Amendment right. Sohns explained to the jury that when conducting a non-inventory search, the search would be "more intensive" than an inventory search and that they would look in the trunk for "contraband hidden inside of the spare tires." App. 362-63. Although Nilon and Sohns searched Watley's vehicle together, Sohns testified that he merely "looked" in Watley's trunk, App. 362, but Nilon admitted he searched the vehicle's spare tire. Because there was evidence that Corporal Nilon's search of the vehicle was broader in scope than Trooper Sohns' search and was consistent with a search for contraband as described by Sohns, the jury's finding that Corporal Nilon's

6

search of the vehicle was unlawful and overbroad in violation of the Fourth Amendment was not clearly erroneous.[3]  *See, e.g., Pitts,* 646 F.3d at 156.

With regard to the summary judgment entered in favor of Watley and against Corporal Felsman for an illegal seizure in the transport of Watley from the judge's office to the impound lot on May 12, 2016, we reverse.  We likewise reverse the related Judgment on the jury's verdict against Felsman on the excessive force claim for that transport.

Despite multiple amended complaints, Watley failed to include allegations challenging the transport from the judge's office to the impound lot.  The Third Amended Complaint merely alleges: "On May 12, 2016, Plaintiff was unlawfully search [sic] and seized by Defendant Felsman when he handcuffed and shackled Plaintiff *upon leaving the jail*."  App. 532 (emph. added).  A review of the operative Amended Complaint reflects no allegations referring to the transport from the court to the impound lot, nor any claim challenging Felsman's conduct in that transport.  The District Court erred in concluding that Watley's Complaint sufficiently alleged a claim challenging the May 12, 2016 transport from the judge's office to the impound lot.  Because Watley failed to plead the illegal seizure claim against Felsman related to the transport from the judge's office to the impound lot, Watley was not entitled to summary judgment on it.

---

[3] "A court has a 'duty to attempt to read the verdict in a manner that will resolve inconsistencies.'"  *Pitts*, 646 F.3d at 156 n.2 (internal quotation marks omitted).

Lastly, Appellants argue they were entitled to qualified immunity and that the District Court erred in denying immunity. With respect to the inventory search of Watley's vehicle, Corporal Nilon was not entitled to qualified immunity. In assessing a government official's entitlement to qualified immunity, we determine whether a plaintiff's constitutional right was violated, and whether that right was clearly established at the time of the alleged violation such that a reasonable person in the official's position would have known that his or her conduct violated it. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Here, it was clearly established at the time of the incident that, as Appellants acknowledge, consistent with the Fourth Amendment right to be free from unreasonable searches, "[l]awful inventory searches must be 'conducted according to standardized criteria' or established routine, consistent with the purpose of a non-investigative search." *Mundy*, 621 F.3d at 287 (quoting *Bertine*, 479 U.S. at 374 n.6); *see* Appellants' Br. 30 (citing *Mundy* and *Bertine*). Appellants argue Nilon is entitled to qualified immunity on the basis that "the evidence established that the inventory search was conducted in a reasonable manner and consistent with routine procedures." *See* Appellants' Reply Br. 15. However, as explained, the jury assessed the credibility of the witnesses who testified at trial regarding the search, s*ee Pitts*, 646 F.3d at 156–57 (explaining that a jury has the right to discredit an officer's testimony regarding the legitimacy of an inventory search), and found that Nilon's search was not limited to an administrative search. A reasonable person in Nilon's position would have known that performing the investigative search under the circumstances violated Watley's clearly established right.

8

With respect to Watley's claims of an unconstitutional seizure and use of excessive force related to the transport of Watley from the judge's office to the impound lot, we agree that Felsman was entitled to qualified immunity. Felsman argues that it was not clearly established on May 12, 2016 that a reasonable officer in his position would have known that his transporting Watley in handcuffs from the court to the impound lot violated Watley's rights.

"For qualified-immunity purposes, 'clearly established rights are derived either from binding Supreme Court and Third Circuit precedent or from a robust consensus of cases of persuasive authority in the Courts of Appeals.'" *James v. N.J. State Police*, 957 F.3d 165, 170 (3d Cir. 2020) (citing *Bland v. City of Newark*, 900 F.3d 77, 84 (3d Cir. 2018)) (internal quotation marks omitted). Here, at the time of the challenged conduct, no Supreme Court precedent, Third Circuit precedent, or robust consensus of persuasive authority had held that "an officer acting under similar circumstances as [Corporal Felsman] . . . violated the Fourth Amendment." *See id.* (citing *White v. Pauly*, 137 S. Ct. 548, 550 (2017)). Therefore, Felsman was entitled to qualified immunity.

## III.

Accordingly, we affirm the District Court's Judgment in favor of Mr. Watley and against Corporal Nilon on the claim related to the search of Watley's vehicle on May 11, 2016, and reverse the District Court's Judgment in favor of Watley and against Corporal Felsman on the claims related to Mr. Watley's transport to the impound lot on May 12, 2016.