United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 21-7138**

**September Term, 2022**

FILED ON: JANUARY 27, 2023

LATARSHA KELLY,
            APPELLANT

v.

ANTHONY GATON, OFFICER, DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT AND
DISTRICT OF COLUMBIA, A MUNICIPAL CORPORATION,
            APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00023)

Before: MILLETT, WALKER and CHILDS, *Circuit Judges*.

## J U D G M E N T

The Court considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the district court's November 15, 2021 order granting defendants' motion for summary judgment be **AFFIRMED**.

On June 28, 2018, Officer Gaton was en route to respond to an unrelated domestic disturbance call when he observed Latarsha Kelly and her neighbor, Kiana Sims, arguing outside of their apartment building. As Officer Gaton walked toward the women, he saw Kelly hit Sims in the face with her hand. Officer Gaton immediately sprinted toward Kelly and tackled her, using his 265 pounds of body weight to force Kelly to the ground, fracturing her pelvis in the process. Officer Gaton did not give any verbal warning before he tackled Kelly, and Kelly was not aware that law enforcement was present at the scene.

Kelly alleges that Officer Gaton used excessive force against her in effecting her arrest when he tackled Kelly to the ground, without warning, fracturing her pelvis. Kelly filed suit in the

Superior Court of the District of Columbia, asserting a claim pursuant to 42 U.S.C. § 1983 against Officer Gaton in his individual capacity and a common law battery claim against Officer Gaton and the District of Columbia (District).[1]  The District removed the case to federal court, and that court granted summary judgment in favor of defendants as to both claims.

The district court determined that Officer Gaton's surprise tackle did not violate the Fourth Amendment, and, alternatively, that Officer Gaton was entitled to qualified immunity for purposes of section 1983 because his conduct did not violate clearly established law.  *Kelly v. Gaton*, No. CV-19-23, 2021 WL 5310566, at *6–7 (D.D.C. Nov. 15, 2021).  Likewise, the district court determined that Officer Gaton was entitled to a qualified privilege because his conduct was both objectively and subjectively reasonable under District of Columbia law, thereby defeating Kelly's common law battery claim.  *Id.* at *9.  Because Officer Gaton was not liable for the underlying tort, the district court found that the District could not be liable under the doctrine of respondeat superior.  *Id.*  On appeal, Kelly challenges the district court's grant of summary judgment.  "We review the grant of summary judgment de novo." *Johnson v. District of Columbia*, 528 F.3d 969, 973 (D.C. Cir. 2008).

We need not decide whether Officer Gaton violated the Fourth Amendment.  On the facts of this case, Officer Gaton is entitled to qualified immunity because he did not violate clearly established law.  Qualified immunity is "a defense that shields officials from suit if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ortiz v. Jordan*, 562 U.S. 180, 183 (2011) (internal quotation marks and citations omitted).  In the Fourth Amendment context, the Supreme Court has repeatedly emphasized that qualified immunity in excessive force cases must be analyzed with a high degree of particularity, reversing lower court decisions that rely on factually distinguishable circuit precedents.  *See, e.g.*, *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021); *City of Tahlequah, Okla. v. Bond*, 142 S. Ct. 9, 12 (2021); *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam).

This case presents a unique set of circumstances in light of Kelly's assault on Sims in front of Officer Gaton immediately before he tackled Kelly.  The excessive force precedent established by our sister circuits and urged by Kelly is materially distinguishable and therefore is not persuasive.  *See, e.g.*, *Smith v. Ray*, 781 F.3d 95, 103 (4th Cir. 2015) (Officer who threw arrestee to the ground and punched her repeatedly, breaking her rib, violated clearly established law because arrestee was suspected of a nonviolent misdemeanor offense, was compliant, answered questions, and did not attempt to flee); *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1286 (10th Cir. 2007) (Officers violated clearly established law when they tackled, beat, and tased a man, without provocation or warning, because they suspected that he left the courthouse with his casefile, a potential misdemeanor under Colorado law); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (Officer was not entitled to qualified immunity for "gang-tackling . . . a relatively calm trespass suspect."); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 733–34 (5th Cir. 2000) (Officers who tackled a non-fleeing suspect and broke his shoulder without reasonable suspicion to detain or frisk him were not entitled to qualified immunity).  While those cases

---

[1] Kelly also asserted a common law negligence claim against Officer Gaton and the District, which the district court dismissed.  Kelly does not challenge that claim on appeal.

command that officers may not tackle nonviolent suspects of minor crimes who do not resist arrest or flee, given Kelly's physical assault on Sims, they do not place the alleged unlawfulness of Officer Gaton's conduct "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In short, we are not aware of any decisions issued by the Supreme Court, this Court, or any other circuit court addressing a Fourth Amendment violation in similar circumstances.

"It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018); *see also White v. Pauly*, 137 S. Ct. 548, 552 (2017) (reiterating the "longstanding principle that clearly established law should not be defined at a high level of generality" (internal quotation marks and citations omitted)). And this is not a "rare" or "obvious" case where "the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *Wesby*, 138 S. Ct. at 590; *see also Hope v. Peltzer,* 536 U.S. 730, 741 (2002) (officers who handcuffed petitioner to a hitching post for seven hours, deprived him of bathroom breaks, and subjected him to a substantial risk of physical harm, violated clearly established law even though court decisions had yet to address "materially similar" conduct).

Finally, Kelly's challenge to the district court's grant of summary judgment as to her common law battery claim also fails. Although this Court questioned the similarity of the tests for federal qualified immunity and state-law qualified privilege, counsel conceded that Kelly did not address any alternative theory in her briefs. Oral Arg. Tr. 11:16-18; *see also* Appellant's Br. 28 (asserting that federal qualified immunity is "essentially the equivalent" to state-law qualified privilege). And, at oral argument, counsel confirmed that Kelly has not departed from her view that the two tests are indistinguishable on the facts of this case.[2] Oral Arg. Tr. 8:16–9:21. Therefore, any argument that Kelly's common law battery claim is independent of the qualified immunity inquiry is waived.

For the foregoing reasons, the district court's order granting defendants' motion for summary judgment is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

---

[2] Because the parties do not raise the issue, we need not decide whether Officer Gaton is entitled to a qualified privilege under District law. However, we note as a general matter that counsel's assertions that the federal qualified immunity and state-law qualified privilege tests are "99.9 %" identical in the excessive force context appear to be incorrect. Oral Arg. Tr. 8:22-9:21; *District of Columbia v. Chinn*, 839 A.2d 701, 707 (D.C. 2003) ("[W]here the excessive force is the product of a battery, an unwanted touching inherent in any arrest, which escalates in an unbroken manner into excessive force, the cause of action is a battery alone, with the privilege having ended at the point where excessive force began.").

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk