NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0345n.06

No. 22-1551

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 26, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MATTHEW SZAPPAN, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| TROY MEDER; MARK GARABELLI; DEPUTY KIRT SHIELDS; SAGINAW COUNTY, MICHIGAN, | ) | |
| | ) | |
| Defendants-Appellees. | ) | OPINION |

---

Before: McKEAGUE, GRIFFIN, and MURPHY, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant officers Troy Meder and Kirt Shields entered plaintiff Matthew Szappan's pole barn without a warrant following a report of methamphetamine use and production on Szappan's property. Szappan claims that violated his Fourth Amendment rights. A jury disagreed, and Szappan appeals. We affirm.

I.

In the summer of 2015, plaintiff's mother made allegations of child abuse and neglect against plaintiff and his wife to the State of Michigan's Children's Protective Services (CPS). She asserted the couple was regularly using—and possibly even manufacturing—methamphetamine at their mid-Michigan home in Chesaning. Her report of methamphetamine production required CPS to coordinate with law enforcement, *see* Mich. Comp. Laws § 722.628(3)(f); defendant officers

Mark Garabelli, Meder, and Shields responded. Together with the CPS employee who received the complaint, the officers went to the Szappans' property to investigate.

For the purposes of this appeal, the facts concerning the officers' inquiry are limited. They entered the property after plaintiff's wife let them in and made their way to the house. But along the way, lights in the adjacent pole barn led Meder and Shields to suspect that plaintiff was inside; so they entered it searching for him. There they saw lye, acetone, Coleman fuel, and table salt. Based on his experience, Meder thought those materials were indicative of an active meth lab. Law enforcement officials eventually secured a search warrant following that discovery, and the resulting search uncovered numerous marijuana plants and a shotgun (but not methamphetamine or its production). Plaintiff was charged in Michigan state court, but those charges were resolved in his favor—the trial court suppressed the evidence recovered from the search, after which the prosecutor moved for and obtained an order of *nolle prosequi*.

Szappan sued under 42 U.S.C. § 1983, contending that the officers violated his Fourth Amendment rights to be free from an unlawful search and seizure, arrest, and malicious prosecution. The district court permitted only one claim to go to trial—that Meder and Shields unlawfully searched plaintiff's property—and dismissed the remaining counts and defendants. Following trial, a jury concluded that neither Meder nor Shields violated Szappan's Fourth Amendment rights.

II.

On appeal, plaintiff raises several issues concerning the submission to the jury of whether certain exceptions to the Fourth Amendment's bar on warrantless searches applied when Meder and Shields entered the pole barn.[1]

A.

First, Szappan claims Meder and Shields waived their entitlement to rely on the exceptions to the Fourth Amendment's warrant requirement—consent, exigent circumstances, and emergency aid—by failing to plead them as affirmative defenses under Federal Rule of Civil Procedure 8(c). "An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case," but defenses that "negate an element of the plaintiff's *prima facie* case . . . are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c)." *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986). To determine whether a defense is an affirmative one, our "starting point" is the "list of the affirmative defenses in Rule 8(c)," but we also consider the "fairness of allowing the defendant to assert the defense; if permitting the defendant to interpose the defense will force the plaintiff to perform additional discovery or develop new legal theories, these considerations will militate heavily in favor of terming the defense affirmative." *Id.*

There appear to be reasons to doubt Szappan's assertion that exceptions to the Fourth Amendment's warrant requirement are affirmative defenses subject to waiver under Rule 8(c): they are not "analogous to or a derivative of one of the listed defenses," and they do not operate extraneously to plaintiff's claim. *Id.* But we need not decide this issue, for defendants correctly note that Szappan's failure to object to the jury being instructed on these exceptions renders his

_____

[1]Because Szappan raises issues solely pertaining to Meder and Shields, he has forfeited all others concerning the remaining defendants. *See United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016).

claim of error forfeited on appeal. *See, e.g.*, *Libbey-Owens-Ford Co. v. Ins. Co. of N. Am.*, 9 F.3d 422, 427–28 (6th Cir. 1993); *see generally Swanigan v. FCA US LLC*, 938 F.3d 779, 786 (6th Cir. 2019) ("[A]rguments raised for the first time on appeal are forfeited." (citation omitted)).

B.

Szappan next challenges the district court's submission of the exigent-circumstances issue to the jury. Whether exigent circumstances exist "is normally a question for the jury" when the facts are disputed. *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002). However, a trial court may decide the issue as a matter of law "where the underlying facts are essentially undisputed, and where a finder of fact could reach but one conclusion as to the existence of exigent circumstances." *Hancock v. Dodson*, 958 F.2d 1367, 1375 (6th Cir. 1992). Szappan frames this challenge as two intertwined issues: (1) that the district court should have found that the facts were undisputed and only supported his view that no exigent circumstances existed; and (2) that the district court should not have instructed the jury on those exceptions.

To the extent his position is just a repackaged sufficiency-of-the-evidence-supporting-the-jury's-verdict one, it has preservation problems. Federal Rule of Civil Procedure 50(a)(1) grants a district court the power to—on a motion before the case is submitted to the jury—either resolve an issue or enter judgment against a party "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." And Rule 50(b) allows a party to renew such a motion after trial. These rules operate conjunctively, and with respect to "the argument that, under the undisputed facts, as a result of the operation of law only one jury verdict is rational or possible," a party advancing such an asserted error below must have taken advantage of what Rule 50 offers. *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974 F.3d 767, 779–80, 789 n.12 (6th Cir.

2020). At no point below did plaintiff make a Rule 50 motion, so we cannot review a sufficiency-of-the-evidence claim. *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011).

And if it is instead a standalone claim that the district court, and not the jury, should have resolved the issue, it too meets a similar fate. Szappan never made this argument to the district court. True, his attorney forecast that he would raise an objection in this regard in the future:

> At the appropriate time, I was going to argue that the three exceptions that are requested by the defense that aren't necessary because there's no facts pertaining to those. It's not a question of fact for the jury. Those are all issues of law for the judge, and I don't believe that they met any of those, but I'll argue that at the appropriate time, but I have no objections to what's in the current instructions right now.

R. 76, Pg. ID 2070–71. But that forecasted argument was not subsequently made. And regardless, he did not object to the jury instructions on those exceptions. Those failures render this issue also unpreserved and forfeited on appeal. *Swanigan*, 938 F.3d at 786 (arguments raised for the first time on appeal are forfeited); *Libbey-Owens-Ford Co.*, 9 F.3d at 427 ("[O]bjections regarding jury instructions must be made at the trial level in order to preserve such objections for appeal.").

### III.

In his last claim of error, Szappan argues the district court gave an erroneous jury instruction concerning CPS's obligation to "seek the assistance of and cooperate with law enforcement officials and law enforcement must cooperate with CPS in conducting their investigation" under Mich. Comp. Laws § 722.623(3)(f). He claims that the instruction was unnecessary to the jury's evaluation of whether the officers violated the Fourth Amendment. On de novo review (given his objection to this instruction below), *United States v. Hendrickson*, 822 F.3d 812, 818 (6th Cir. 2016), we disagree.

Proper jury instructions should "adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." *Romanski v. Detroit Ent.,*

*L.L.C.*, 428 F.3d 629, 641 (6th Cir. 2005) (internal quotation marks omitted). Whether an exception to the Fourth Amendment's warrant requirement excused the officers' conduct is one that requires "look[ing] to the totality of circumstances." *Missouri v. McNeely*, 569 U.S. 141, 149 (2013). And in our view, why the officers arrived at and then intruded upon Szappan's property is exactly the "fact-specific nature . . . the reasonableness inquiry" demands. *Id.* at 150 (citation omitted). For that reason, viewing the instructions "as a whole," we agree with the district court that the inclusion of this instruction was not "confusing, misleading, [or] prejudicial." *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009) (internal quotation marks omitted).

IV.

We affirm the district court's judgment.