NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSALEE GONZALEZ, Dr.,

        Plaintiff - Appellant,

  v.

UNITED STATES HUMAN RIGHTS
NETWORK; MARCIA JOHNSON-
BLANCO; ERIC TARS; LISA CROOMS-
ROBINS; MONAMI MAULIK,

        Defendants - Appellees.

No. 24-762

D.C. No.
2:20-cv-00757-DWL

MEMORANDUM*

ROSALEE GONZALEZ,

        Plaintiff - Appellee,

  v.

UNITED STATES HUMAN RIGHTS
NETWORK,

        Defendant - Appellant,

and

MARCIA JOHNSON-BLANCO, ERIC
TARS, LISA CROOMS-ROBINS,
MONAMI MAULIK,

No. 24-801

D.C. No.
2:20-cv-00757-DWL

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeal from the United States District Court
for the District of Arizona
Dominic W. Lanza, District Judge, Presiding

Argued and Submitted September 19, 2025
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge COLLINS.

Rosalee Gonzalez appeals the district court's grant of summary judgment to United States Human Rights Network ("USHRN") on her retaliation and punitive damages claims. She also appeals the district court's denial of her motion for leave to file a Second Amended Complaint ("SAC"). USHRN appeals its statute of limitations defense to Gonzalez's contract claims, as well as the district court's denial of summary judgment and judgment as a matter of law ("JMOL"). We affirm in part and reverse in part.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment and denial of a motion for JMOL de novo. *Curley v. City of N. Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004). We review the district court's denial of leave to amend pleadings for abuse of discretion. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1275 (9th Cir. 2023). We review the district court's "submission of an issue to the jury" de novo. *Del Monte Dunes at Monterey, Ltd.*

*v. City of Monterey*, 95 F.3d 1422, 1426 (9th Cir. 1996). Finally, we review de novo the district court's conclusions of law, including whether a claim is time barred. *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 939 (9th Cir. 2017).

1.    USHRN is entitled to summary judgment on Gonzalez's retaliatory termination and punitive damages claims. Gonzalez does not identify any evidence that establishes a genuine dispute of material fact as to whether two of USHRN's legitimate, non-retaliatory reasons for her termination were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Because Gonzalez fails to rebut USHRN's proffered reasons for her termination, USHRN is entitled to summary judgment. *Curley*, 772 F.3d at 633.

Further, USHRN is also entitled to summary judgment on Gonzalez's punitive damages claim. Gonzalez's claim for punitive damages is based on her retaliation claim. Because Gonzalez's retaliation claim fails on summary judgment, so too does her claim for punitive damages. *See Thompson v. Better-Bilt Aluminum Prods. Co., Inc.*, 832 P.2d 203, 208–09 (Ariz. 1992).

2.    The district court did not abuse its discretion by denying Gonzalez's motion for leave to file a SAC. A motion to amend a pretrial scheduling order is governed by Rule 16(b). *Kamal*, 88 F.4th at 1277. Under Rule 16(b), "a plaintiff 'must show good cause' for failing to amend the complaint 'before the time specified in the scheduling order expired.'" *Id.* (quoting *Coleman v. Quaker Oats*

*Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). Here, Gonzalez waited almost a year after the deadline to amend her complaint before seeking to file the SAC. And she failed to provide sufficient justification for her delay. Thus, the district court did not abuse its discretion by denying leave to file the SAC because Gonzalez failed to show diligence, and therefore good cause under Rule 16(b). *See id.* at 1277–78; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).

3.      "In *Ortiz v. Jordan*, the Supreme Court held that, on appeal from a final judgment after a trial on the merits, an appellate court may not review a pretrial order denying summary judgment *if* that denial was based on the presence of a disputed issue of material fact." *Matter of York*, 78 F.4th 1074, 1083–84 (9th Cir. 2023) (citing *Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011)). The district court denied USHRN's motion for summary judgment on Gonzalez's contract claims because "[w]hether the May 13, 2019 email constituted a sufficient acknowledgement of the justness of the debt presents a disputed issue of fact that cannot be resolved at summary judgment." The district court's denial of summary judgment is thus unreviewable on appeal. *See Ortiz*, 562 U.S. at 183–84; *Dupree v. Younger*, 598 U.S. 729, 731 (2023) ("[A]n order denying summary judgment on sufficiency-of-the-evidence grounds is not reviewable on appeal after a trial.").

4.      USHRN is entitled to JMOL on the issue of USHRN's acknowledgment of indebtedness. USHRN preserved the issue by filing a motion

4                                                                24-762

for JMOL. *See Ortiz*, 562 U.S. at 191–92; *Dupree*, 598 U.S. at 731. In reviewing the district court's denial of this motion, we are restricted to the trial record, which "supersedes the record existing at the time of the summary-judgment motion." *Ortiz*, 562 U.S. at 184. Because no reasonable jury could find that the email from June 2019 met all the elements for acknowledgment of indebtedness, USHRN is entitled to JMOL on this issue.[1]

5. Gonzalez's contract claims, which arose within one year of when she filed suit, are timely under the continuous violation doctrine. Under Arizona law, "[a]t-will employment contracts are unilateral and typically start with an employer's offer of a wage in exchange for work performed; subsequent performance by the employee provides consideration to create the contract." *Demasse v. ITT Corp.*, 984 P.2d 1138, 1142–43 (Ariz. 1999). When a plaintiff alleges "not just one breach of contract, but successive and continuing underpayments," a new cause of action accrues each time the defendant fails to perform as required under the contract. *Builders Supply Corp. v. Marshall*, 352 P.2d 982, 986 (Ariz. 1960). Here, although USHRN first breached the oral employment contract in January 2019, it committed a new breach—and a new cause of action accrued—each time USHRN failed to pay Gonzalez employee benefits owed under

---

[1] Because USHRN is entitled to JMOL, its claim on appeal that the district court erred by submitting the issue to the jury is moot.

her employment contract. Because Gonzalez filed her complaint on March 18, 2020, the contract claims that accrued after March 18, 2019 are not time barred. Gonzalez can thus recover any unpaid employee benefits within one year of when she filed suit.[2]

In sum, we affirm the district court's order granting summary judgment to USHRN on Gonzalez's retaliation claim and punitive damages claim; we affirm the district court's denial of Gonzalez's motion for leave to file a SAC; we reverse the district court's order denying JMOL to USHRN on the issue of USHRN's acknowledgment of indebtedness; and we affirm the district court's order that Gonzalez can recover damages for her timely contract claims under the continuous violation doctrine.

**AFFIRMED IN PART and REVERSED IN PART.**

---

[2]    We respectfully disagree with the dissent's assumption that Arizona courts would distinguish this factual scenario from that in *Builders Supply*. In fact, *Builders Supply* cited several out-of-state cases that describe how employment and wage-based contractual claims accrue based on continuous breaches. *See, e.g.*, *Morris v. Russell*, 236 P.2d 451, 456 (Utah 1951) (holding that a plaintiff could recover for underpayment of wages accrued each month during the statute of limitations period).

*Gonzalez v. United States Human Rights Network, et al.*, No. 24-762+

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in sections 1–4 of the court's memorandum disposition, which rejects several of the contentions made by Plaintiff Rosalee Gonzalez in her lawsuit against Defendant US Human Rights Network ("USHRN").[1]  But I disagree with the majority's conclusion that Gonzalez's contract claim was "timely under the continuing violation doctrine."  *See* Memo. Dispo. at 5.  I would instead reverse the district court's denial of USHRN's post-trial motion for judgment as a matter of law ("JMOL") with respect to Gonzalez's contract claim.  I therefore dissent from section 5 of the majority's memorandum disposition and from the corresponding portion of the majority's judgment.

---

[1] With respect to section 1, which discusses Gonzalez's retaliation claim, my concurrence rests on my view that Gonzalez's asserted *prima facie* case of protected activity was extremely thin, if not non-existent.  Her asserted protected activity consisted of her underlying complaints to members of USHRN's board and executive committee that her continued status as a contractor, rather than an employee, was illegal in that it violated an alleged oral contract of employment.  But a contractual dispute does not count as a violation of "the Constitution of Arizona or the statutes of [Arizona]," Ariz. Rev. Stat. § 23-1501(A)(3)(c)(ii), and complaints about such a dispute therefore do not count as protected conduct.  The contingent fact that, if Gonzalez were an employee, she would acquire statutory rights that she was not being given, does not convert her complaints about what is at bottom a contract dispute into protected activity.  But even assuming *arguendo* the doubtful conclusion that she presented some evidence that she complained about *statutory* violations associated with the contract dispute, no reasonable jury could find, based on the summary judgment record, that her termination was substantially motivated by such complaints, rather than by the alternative explanations provided by USHRN.

Under Arizona law, a claim for a breach of contract must be "commenced and prosecuted within one year after the cause of action accrues." ARIZ. REV. STAT. § 12-541(3). Here, Gonzalez's contract claim is limited to her claim for *employee benefits* that she contends she should have received in connection with an alleged oral contract to convert her from an independent contractor to an employee. Because her claim is that USHRN breached its contractual obligation *to give her employee status* (and that she was thereby damaged by failing to receive the associated employee benefits), her claim accrued, under the discovery rule, no later than January 2019, by which time she indisputably knew that she was still being classified as an independent contractor rather than as an employee. And because she did not file this action until March 2020, her contract claim is time-barred.

The district court held, and the majority agrees, that Gonzalez's contract claim should be viewed as involving "successive and continuing" breaches for each pay period in which she was not given employee benefits, with the result that "a new cause of action accrued[] each time USHRN failed to pay Gonzalez employee benefits owed under her employment contract." *See* Memo Dispo. at 6. But this ignores the fact that all of Gonzalez's contractual claims rest on the asserted failure to grant her the *status* of an employee; the loss of benefits is simply the consequence of the failure to reclassify her as an employee. If, as Gonzalez

2

claims, she had a December 2018 oral agreement to classify her as an employee, she knew more than one year before she filed this suit that USHRN had not so classified her. Her situation is directly analogous to a failure-to-promote claim, and the consensus of courts that have addressed that issue have "rejected the continuing-wrong theory when the plaintiff's complaint is based upon a failure-to-promote claim." *Tull v. City of Albuquerque*, 907 P.2d 1010, 1012 (N.M. Ct. App. 1995) (collecting cases). Because Gonzalez's claim rests on a single breach—the failure to classify her as an employee—her situation is distinguishable from *Builders Supply Corp. v. Marshall*, 352 P.2d 982, 986 (Ariz. 1960), in which the court held that each separate failure to make full payment for distinct instances of hauling services constituted a separate violation of the master contract governing the provision of such services. Although there does not appear to be any Arizona authority directly addressing how the statute of limitations applies to an analogous failure-to-promote claim, I would predict that the Arizona courts would follow the consensus of courts and distinguish *Builders Supply* from the failure-to-promote situation.[2]

---

[2] In reaching the opposite conclusion, the majority relies on *Builders Supply*'s citation of *Morris v. Russell*, 236 P.2d 451, 456 (Utah 1951). *See* Memo. Dispo. at 6 n.2. *Morris*, however, involved a quantum merit claim for failure to pay the value of services rendered, and it therefore says nothing about how to resolve a claimed breach of a contractual obligation to reclassify a person as an employee or to give a person a promotion. *Id*. at 455–56.

Gonzalez alternatively relies on *Demasse v. ITT Corp.*, 984 P.2d 1138, 1143 (Ariz. 1999), to argue that a new "at-will *employment* contract[]" between her and USHRN "c[a]me into existence anew each day" that she performed work (emphasis added). This contention fails. Once Gonzalez knew in January 2019 that she had not been reclassified from an independent contractor to an employee, there was no sense in which it could be said that, every day thereafter, there was a *new* and independent agreement to classify her as an "employee," at-will or otherwise. Her claim, by necessity, was that the December 2018 oral employment agreement was the source of her right to be classified as an employee, with associated benefits. The claim for the breach of that obligation accrued, at the latest, in January 2019, but Gonzalez did not sue within the requisite one year.

Because Gonzalez's two theories for avoiding the statute of limitations in whole or in part—namely, USHRN's alleged acknowledgment of indebtedness and the continuing violation theory—both fail as a matter of law, her contract claim was time-barred in its entirety. I therefore would reverse the denial of USHRN's motion for JMOL and remand for entry of judgment in favor of USHRN on Gonzalez's contract claim, and I respectfully dissent from the court's contrary conclusion and from that aspect of its judgment. In all other respects, I concur in the judgment of the court.